This cause came on to be heard upon the petition, the answer, the reply and depositions, the relators seeking a writ of mandamus to compel the Board of Education of Greene county to transfer a portion of the Spring Valley Rural School District to the contiguous Clinton County School District.
The following is a brief outline of the litigation which has ensued in the attempt to transfer the territory.
*610 On August 16, 1933, a petition claimed to be signed by more than 75 per cent of the resident electors was filed with the Greene County Board of Education, but the petition did not properly describe and bound the territory sought to be transferred, and was therefore defective.
On September 8, 1933, the Board of Education of Greene county refused to transfer the territory, and on that date another petition was presented for the transfer of the same territory, bearing 226 signatures. Upon being advised of the action of the county board of education on the petition of August 16, an action in mandamus was filed in the Court of Common Pleas, seeking a writ on the transfer petition of September 8th. On September 21 a conditional withdrawal petition, bearing 48 signatures, was filed with the county board of education against the petition for transfer dated September 8th. The Court of Common Pleas refused to allow a writ of mandamus, error was prosecuted to the Court of Appeals, which affirmed the judgment and dismissed the petition for mandamus, holding, in substance, that the mandamus proceeding on the transfer petition of September 8, 1933,- was prematurely brought.
On March 1,1935, the transfer petition of September 8, 1933, was withdrawn from the court files and a copy substituted for the files, and the transfer petition was presented to the county board of education with a supplemental petition bearing 25 names, or a total of more than 220 signatures.
It appears that the total number of residents and electors of the territory was not more than 262, and that the percentage of signers to the petition for transfer was more than 75 per cent., being 84.2 of the total residents and electors of the territory.
On March 21, 1935, the Board of Education of Greene County School District finally acted upon the petition for transfer of territory and the supplemental *611 petition, refused the transfer and passed a resolution setting forth six grounds for its refusal:
1. That the petitions presented are now 18 months old.
2. That a number of people have either died or moved away from the affected territory since the original petitions were circulated.
3. That the names of 48 residents remonstrating against the transfer have long been on file with the county board.
4. That it has been reported on reliable authority that a number of original petitioners have changed their minds, and a petition bearing sufficient signatures could not be obtained.
5. That “certain persons” have stated in the County Superintendent’s office they do not favor being transferred from the present district.
6. That the transfer would seriously jeopardize the opportunity for a strong school unit in the territory remaining in the township.
The relators plead that the respondents have no valid ground for refusing to comply with Section 4696, General Code.
The answer raises no issue as to the territory containing not more than 262 electors, and alleges, among other things, that due to death or changes in residences prior to March 21, 1935, the petition contained the signatures of only 180 signers, which number did not constitute 75 per cent, of the resident electors of the territory. The answer also alleges disqualification of signers on the supplemental petition, and that subsequent to March 1,1935, a petition signed by 81 resident electors of the territory was filed opposing the transfer. The reply challenges the validity of the so-called withdrawal petition, and also alleges that on October 4, 1935, there was filed a petition withdrawing names from the so-called withdrawal, and that on October 9, *612 1935, an additional petition for transfer, containing the signatures of 18 resident electors, was filed.
A court in exercising the extraordinary power of mandamus takes into consideration the facts and conditions existing at the time it determines whether to issue a peremptory writ (Trumbull County Board of Education v. State, ex rel. Van Wye, 122 Ohio St., 247). The writ will not issue unless the relator’s right is clear and the act to be enforced is one of legal obligation. (State, ex rel. McKey, Trustee, v. Cooper, Aud., 99 Ohio St., 258.)
No doubt exists that the duty rests upon the county board of education to transfer the territory if the petition contains the signatures of 75 per cent, of the resident electors of the territory, but an examination of the foregoing recital of facts shows doubt on the part of both parties to this proceeding whether the petition contains the requisite percentage of qualified signers. Considering the foregoing facts and the nature of the evidence produced to establish residence or nonresidence, this court cannot say that at the present time, or in fact at any time since this mandamus proceeding was instituted in this court, the relators have clearly established their right to the extraordinary writ of mandamus.

Writ denied.

Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.